NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JUN 11 2012
AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| IN RE: | |
| GIACOMO TURANO | |
| Debtor, | |
| ESTATE OF SALVATORE TURANO | Civil Action No. 11-6250 (JAP) |
| Appellant, | **MEMORANDUM OPINION** |
| v. | |
| GIACOMO TURANO | |
| Appellee. | |

**PISANO, Judge**

Before the Court is an appeal from an Order of Bankruptcy Judge Kathryn C. Ferguson ("Bankruptcy Court") granting the Appellee-Debtor Giacomo Turano's ("Appellee") Motion to Dismiss the adversary proceeding brought by Appellant Estate of Salvatore Turano's ("Appellant"). For the following reasons, the Bankruptcy Court's decision will be affirmed.

I.  BACKGROUND

Appellant initiated an adversary proceeding pursuant to 11 U.S.C. § 523 on March 14, 2011 objecting to the discharge of a debt owed to Appellant. The Bankruptcy Court issued a summons on March 16, 2011. Counsel for Appellant, Brian Condon, Esq., assumed that Appellee was properly served because, according to his office procedure, a summons and complaint are typically sent to a process server immediately for service. However, Appellant

1

never filed a proof of service of the summons and complaint, and Mr. Condon concedes that Appellee was never served.

Appellee filed an answer on April 18, 2011, which included insufficient service of process as an affirmative defense. On July 21, 2011, Appellee filed a Motion to Dismiss the adversary proceeding for insufficient service of process. Appellant opposed the Motion, and on August 23, 2011, Appellant filed a Cross Motion to Extend Time to Serve the Complaint.

The Bankruptcy Court granted Appellee's Motion to Dismiss and denied Appellant's Cross Motion to Extend Time to Serve the Complaint in an oral decision on September 12, 2011. First, the Bankruptcy Court held that Appellee had not waived the defense of insufficient service of process by participating in the litigation because insufficient service of process was specifically plead in Appellee's answer. (Tr. of Decision, 8:22-10:9; DE 3.) Next, the Bankruptcy Court concluded that Appellant was not entitled to an extension for good cause because Mr. Condon's mistaken belief that service had been made was inadequate under the Third Circuit's strict approach to the rules regarding service of process. (Id. at 7:4-8:10.) The Bankruptcy Court also declined to grant a discretionary extension to effect service of process, noting that the Third Circuit does not require an extension even if the applicable statute of limitations bars the action from being refiled. (Id. at 10:10-11:21.) The Bankruptcy Court's decision became final by Order on September 12, 2011, and Appellant filed a Notice of Appeal from the Order dismissing his adversary proceeding on October 25, 2011. That appeal is currently before this Court.

## II.     STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158(a). Such appeals are a matter of right. Appellate courts review "the bankruptcy

court's legal determinations <u>de novo</u>, its factual findings for clear error, and its exercise of discretion for abuse thereof." <u>In re United Healthcare System, Inc.</u>, 396 F.3d 247, 249 (3d Cir. 2005) (quoting <u>In re Trans World Airlines, Inc.</u>, 145 F.3d 124, 130-31 (3d Cir. 1998)).

## III.   DISCUSSION

Appellant argues that the Bankruptcy Court erred in granting Appellee's Motion to Dismiss the adversarial proceeding based on insufficient service of process. Appellant concedes that service of the complaint and summons was never made, but contends that the Bankruptcy Court should have extended the time for service.

Federal Rule of Bankruptcy Procedure 7004 and Federal Rule of Civil Procedure 4 govern service of process in adversarial proceedings brought in the United States Bankruptcy Court.[1] Appellant, because he commenced the adversary proceeding, bears the burden of proving sufficient service of process.  See <u>Grand Entm't Grp. v. Star Media Sales</u>, 988 F.2d 476, 488 (3d Cir. 1993).

The Rules provide a limited time in which to complete service. "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, there is no dispute that Appellee was not served within the 120-day time limit. Mr. Condon certified to the Bankruptcy Court that his office staff failed to follow its normal procedures in sending the complaint and summons to a process server immediately for service. (<u>See</u> Appellant's Br. at 4.)

---

[1] Fed. R. Civ. P. 4(a), (b), (c)(1), (d)(1), (e)–(j), (l), and (m) are made applicable to adversary proceedings in United States Bankruptcy Court through Fed. R. Bankr. P. 7004(a)(1).

Nevertheless, "[t]he time limit is not absolutely inflexible." Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987). If a plaintiff can demonstrate good cause in failing to serve a defendant, a court "must extend the time for service for an appropriate period." Id. Fed. R. Civ. P. 4(m) does not define "good cause," but the Third Circuit equates "good cause" with the Fed. R. Civ. P. 6(b)(2) standard of "excusable neglect." See MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). Fed. R. Civ. P. 6(b)(2) requires "a demonstration of good faith on the party seeking an enlargement [of time] and some reasonable basis for noncompliance within the time specified in the rules." Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988) (citation omitted). The Third Circuit "has construed the good cause provision narrowly, as protecting only those 'diligent plaintiffs who, though making every effort to comply with the dictates of the rule, nonetheless exceed the 120-day limit for service.'" In re City of Phila. Litig., 123 F.R.D. 515, 518 (E.D. Pa. 1988) (quoting Green v. Humphrey Elevator and Truck Co., 816 F.2d 877, 880 (3d Cir. 1987)).

The Bankruptcy Court found that Appellant had failed to establish good cause. The Court finds no error in this analysis. The Bankruptcy Court correctly concluded that Mr. Condon's mistaken assumption that Appellee had been properly served was insufficient to demonstrate good cause. See Braxton, 817 F.2d at 241 (finding inadvertence of counsel is not good cause for failure to serve). Furthermore, as the Bankruptcy Court held here, Appellant cannot receive an extension for good cause simply because the Appellee had actual notice of the action. See In re Phila. Litig., 123 F.R.D. 512 (citing Stranahan Gear Co. v. NL Indus., 800 F.2d 53, 56-57 (3d Cir. 1987)). Finally, the Bankruptcy Court correctly found that a lack of prejudice to Appellee, by itself, is not sufficient for an extension. Id. Therefore, this Court agrees with the Bankruptcy Court that Appellant is not entitled to an extension of time for good cause because

Appellant made no reasonable effort, or any effort at all for that matter, to effect service of process.

Even if a plaintiff cannot demonstrate good cause, a court still has discretion to extend the time for service. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note (1993). The Court may find the Bankruptcy Court abused its discretion in denying the extension only if the "decision was arbitrary, fanciful or clearly unreasonable." Stich v. United States, 730 F.2d 115 (3d Cir. 1984) (citation omitted).

Here, Appellant argues that the Bankruptcy Court erred in refusing to grant an extension. (Appellant Br. at 12.) The Bankruptcy Court concluded that Appellant would be prejudiced if it dismissed the action because the time for filing the objection to the discharge of Appellee's debt had expired. Yet while the running of the statute of limitations may justify an extension, "absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." Petrucelli, 46 F.3d at 1306. Here, the Bankruptcy Court noted that Appellant had missed the sixty-day deadline for filing a complaint in the first place. (Tr. of Decision, 10:12-16.) The Bankruptcy Court reluctantly granted an extension even though it was not clear that Appellant had acted diligently in filing the complaint. (Id. at 10:16-18.) Accordingly, the Court cannot find that the Bankruptcy Court abused its discretion in finding that the prejudice to Appellant did not justify a second extension of time in the case.

Appellant also faults the Bankruptcy Court for failing to consider that that Appellee had actual notice of the complaint, participated in the litigation, and waited to raise the issue of

insufficient service of process until after the 120-day period for service had expired. (Appellant Br. at 9, 11.) While it is true that Appellee had actual notice, the Court cannot conclude that the Bankruptcy Court abused its discretion in denying Appellant's request for an extension. The Bankruptcy Court found that Appellee did not sit on his defense of insufficient service, but instead raised it in his answer and filed his Motion to Dismiss at the earliest possible moment— the expiration of the 120-day period. Therefore, Appellee did not conceal any defect in the service of process. For the same reasons, the Bankruptcy Court found unavailing Appellant's argument that Appellee waived the defense. See Fed. R. Civ. P. 12(h). Nor was there any evidence that Appellee attempted to evade service.

The Court, in sum, finds no error in the Bankruptcy Court's analysis or disposition of the Motion to Dismiss. The Bankruptcy Court properly found, consistent with Third Circuit precedent, that Mr. Condon's admitted oversight in failing to serve Appellee does not warrant an extension for good cause. Nor did the Bankruptcy Court abuse its discretion in refusing to grant an extension of time since there were facts militating against the prejudice to Appellant resulting from the time bar. Therefore, the Court will affirm the dismissal of the adversary proceeding.

## IV.   CONCLUSION

For the reasons above, the Court affirms the Bankruptcy Court's decision dismissing the adversary proceeding. An appropriate order is filed herewith.

Dated: June 11, 2012

_____
United States District Judge